NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MILES BEAM, | No. 18-15968 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-08078-JWS |
| v. | |
| ALBAN NAHA; JASON LOBIK, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted August 7, 2019
Anchorage, Alaska

Before: TALLMAN, IKUTA, and N.R. SMITH, Circuit Judges.

Miles Beam appeals from the grant of summary judgment in favor of the

defendant Hopi Indian tribal school officials, Alban Naha and Jason Lobik,

dismissing his First Amendment free speech claims. We have jurisdiction under

28 U.S.C. § 1291. We review a grant of summary judgment de novo, *Bressi v.*

*Ford*, 575 F.3d 891, 895 (9th Cir. 2009), and we affirm.

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

In 1994, pursuant to the Hopi Constitution and as authorized by federal law, the Hopi Tribal Council assumed responsibility of Hopi Junior/Senior High School ("Hopi High School") by converting it from a Bureau of Indian Affairs ("BIA") operated school to a tribally controlled school. Beam was employed as a teacher at Hopi High School in 2009 and now sues the Superintendent and Principal of Hopi High School for federal civil rights violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Beam does not claim that the defendants are federal employees, instead alleging that they acted under the color of federal law. *See Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1337–38 (9th Cir. 1987) (holding that "the private status of the defendant will not serve to defeat a *Bivens* claim, provided that the defendant engaged in federal action"); *Bressi*, 575 F.3d at 898 (noting that a "*Bivens* claim require[d] a showing that the tribal officers acted under color of federal authority").

In *Rendell-Baker v. Kohn*, 457 U.S. 830, 840–43 (1982), the Supreme Court articulated four factors to determine whether an entity is engaging in government action: 1) the degree of funding by the government; 2) the extent to which regulations influence the entity's conduct; 3) whether the entity was engaging in a public function; and 4) whether there was a symbiotic relationship between the

2

government and the entity.[1] *See also Morse v. N. Coast Opportunities*, 118 F.3d 1338, 1342–43 (9th Cir. 1997) (utilizing the *Rendell-Baker* factors to determine whether a non-profit community action agency acted under the color of state law in its hiring and firing decisions). The ultimate question is "whether there is a sufficiently close nexus between the [government] and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the [government] itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974).

Applying the *Rendell-Baker* factors, we first note that the Supreme Court has held that the fact that "virtually all of [a] school's income was derived from government funding" does not convert its actions into those of the government. *Rendell-Baker*, 457 U.S. at 840. Thus, although Hopi High School receives substantial grant money from the federal government, this "does not support a finding of governmental action here." *Morse*, 118 F.3d at 1342.

Second, Beam points to no regulations that "compelled or even influenced" the conduct of which he complains. *Id.* (quoting *Rendell-Baker*, 457 U.S. at 841); *see also* 25 C.F.R. § 36.24 (relating to general curriculum standards, not

---

[1] Although the morass of state action tests has not created a paradigm of clarity to assist us in the analysis, the parties agree that the state action test as articulated in *Rendell-Baker* applies here. *See Mathis v. Pac. Gas & Elec. Co.*, 891 F.2d 1429, 1432 n.3 (9th Cir. 1989) ("The standards for determining whether an action is governmental are the same whether the purported nexus is to the state or to the federal government.").

3

defendants' conduct). Although 25 C.F.R. Part 38 lays out the grievance/discipline process and other personnel procedures for BIA employees, this regulation does not apply to employees of tribally controlled grant schools, such as Hopi High School.[2] *See* 25 C.F.R. §§ 38.1, 38.3.

Third, to hold that Native American education is the "*exclusive* prerogative" of the federal government would be contrary to both history and Congress' explicit intent that education of Native Americans should fall under the scope of tribal sovereignty and interests. *Rendell-Baker*, 457 U.S. at 842 (quotations omitted). Indeed, the Tribally Controlled Schools Act itself provides that one of its primary purposes is to establish "a meaningful Indian self-determination policy for education that will deter further perpetuation of Federal bureaucratic domination of programs." *See* 25 U.S.C. § 2501(b).

Fourth, there is no evidence of a symbiotic relationship between the federal government and Hopi High School. The record lacks evidence that Hopi High School was conferring "significant financial benefits indispensable to the government's financial success" or that the federal government exercised plenary control over the school's employment and personnel matters. *Brunette v. Humane*

---

[2] Additionally, neither the July 1, 2016, letter from the Bureau of Indian Education to the Hopi High School Board, nor Policy GCQF (describing Hopi High School's disciplinary process for teachers) list 25 C.F.R. Part 38 as applying to Hopi High School.

*Soc'y of Ventura Cty.*, 294 F.3d 1205, 1213 (9th Cir. 2002) (internal quotation marks omitted); *see also Rendell-Baker*, 457 U.S. at 843 (holding no symbiotic relationship existed where "the school's fiscal relationship with the State [was] not different from that of many contractors performing services for the government").

Finally, that tribally controlled grant schools and their employees are considered federal actors under the Federal Tort Claims Act ("FTCA"), *see* 25 C.F.R. § 44.111, does not render defendants federal actors for purposes of *Bivens*, because "an entity may be a [federal] actor for some purposes but not for others," *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 813 (9th Cir. 2010) (citation omitted), and in a similar situation, we held that "Indian contractors" were not rendered "employees of the BIA for all purposes" by virtue of the FTCA, *Snyder v. Navajo Nation*, 382 F.3d 892, 897 (9th Cir. 2004).

Weighing these factors, we hold that the defendants here were not federal actors for purposes of *Bivens* liability. The district court therefore correctly granted summary judgment for the defendants.

**AFFIRMED.**